## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| GLEN ADKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-4255-M |
| | § | |
| UNITED AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION & ORDER

Before the Court is the Motion to Remand [Docket Entry #11] filed by Plaintiff Glen Adkins. For the reasons stated below, the Motion is **GRANTED**.

### I.     BACKGROUND AND PROCEDURAL HISTORY

On January 20, 2012, Plaintiff was terminated from his position as a flight attendant for Continental Airlines. Continental Airlines later merged with Defendant United Airlines, Inc. Prior to his termination, Plaintiff had been absent from work for a number of days, allegedly due to an ear infection. An ear infection can be a disability under Chapter 21 of the Texas Labor Code, under which Plaintiff brings this claim. Tex. Lab. Code § 21.002. Plaintiff was rehired by Defendant on April 27, 2012.

On September 23, 2013, Plaintiff filed his Original Petition in state court, alleging disability discrimination, for which he seeks several kinds of damages. Pl.'s Pet. 8-9. On October 22, 2013, Defendant timely removed the case to federal court, claiming diversity of citizenship under 28 U.S.C. § 1332(a). On November 21, 2013, Plaintiff moved to remand the case to state court, seeking attorneys' fees for having to litigate the issue of removal.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(b). Federal district courts have subject matter jurisdiction over civil matters with an amount in controversy exceeding $75,000, when the parties are of diverse citizenship. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing jurisdiction. *Shearer v. Sw. Serv. v. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). In considering a motion to remand, a court is to resolve issues of material fact in the plaintiff's favor, and any doubts must be resolved against removal. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## II. ANALYSIS

### A. Diversity Jurisdiction

The diversity required for removal is undisputed in this case. Plaintiff seeks to remand based solely on the contention that the requisite amount in controversy is not established. A federal court determines the amount in controversy by looking at the amount claimed in the state court petition. 28 U.S.C. § 1446(c)(2); *Beasley v. Liberty Ins. Corp.*, 2010 WL 2697151, at *1 (N.D. Tex. July 7, 2010) (Lynn, J.) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Here, the Petition did not state a specific amount of damages Plaintiff is seeking. Pl.'s Pet. 8-9. When a petition does not state the specific amount of damages sought, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

A defendant may establish that the amount in controversy satisfies the jurisdictional minimum in two different ways. First, it may show that it is "facially apparent" that the amount

in controversy exceeds $75,000, by demonstrating that the plaintiff's claims, if vindicated, would yield damages greater than this amount. *Greco v. Jones*, No. 3:13-CV-1005-M, 2014 WL 177410, at *4. (N.D. Tex. Jan. 16, 2014) (Lynn, J.). Second, if the amount in controversy is not facially apparent, the defendant may produce summary judgment-type evidence to show that the amount in dispute satisfies the jurisdictional minimum. *Id.* If a defendant is able to show by one of these methods that the amount in controversy requirement is satisfied, the plaintiff is permitted to show that, as a matter of law, it is legally certain that he will not be able to recover the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Chapter 21 of the Texas Labor Code provides damages for back pay, compensatory and punitive damages, and attorneys' fees. Tex. Labor Code §§ 21.051, 21.25, 21.2585, 21.259. The parties agree that Plaintiff's claim for back pay from January 20, 2012, the date he was terminated, until April 27, 2012, the date he was rehired, totals approximately $5,000. Def's Resp. 4; Pl.'s Reply 2. Accordingly, the Court must determine whether Plaintiff's claims for additional damages and attorneys' fees exceed $70,000.

The Court may properly consider the fact that Plaintiff seeks compensatory and punitive damages in determining the amount in controversy. *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284-85 (5th Cir. 2001). Because United Airlines has more than 500 employees, Texas law caps the amount of compensatory and punitive damages that may be imposed against United Airlines at $300,000. Tex. Lab. Code § 21.2585; Def's Resp., App. 2. Defendant argues that the amount of compensatory and punitive damages contemplated by this cap is alone sufficient to conclude that Plaintiff's claims exceed $75,000.

The mere fact that Plaintiff seeks these categories of damages is insufficient to satisfy the

jurisdictional minimum. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled." It is the Defendant's burden to "produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412; *McPhail v. Cumulus Media, Inc.*, No. 3:10-CV-1109-B, 2010 WL 3239155 (N.D. Tex. Aug. 16, 2010) (Boyle, J.). Although Defendant presented an affidavit establishing that it had more than 500 employees during the relevant time period, that is not evidence that Plaintiff's claim will actually reach or even approach the cap on compensatory and punitive damages. Defendant points to no specific facts as to a compensatory injury suffered by Plaintiff that would, in addition to Plaintiff's $5,000 claim for back pay, exceed the $75,000 threshold.

Defendant also argues that Plaintiff's claim for attorneys' fees under Texas Labor Code § 21.259 will cause the amount in controversy to exceed the $75,000 threshold. When a statute entitles a party to recover attorneys' fees, courts may properly consider those fees in determining the amount in controversy. *H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000). Defendant cites cases where courts have found attorneys' fees in discrimination cases under the Texas Labor Code could approach or exceed $50,000-$75,000, contributing to satisfying the amount in controversy. *See Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *3-4 (N.D. Tex. Oct. 28, 2013) (Lindsay, J.); *Mosely v. Wal-Mart Stores Texas LLC*, 2011 WL 1532386, at *3 (N.D. Tex. April 21, 2011) (Lindsay, J.). However, these cases involved additional claims, and the plaintiffs had not been rehired. *See Wilson*, 2013 WL 5803816, at *1 (plaintiff asserted claims for retaliation as well as sex and gender discrimination); *Mosley*, 2011 WL 1532386, at *1-3 (N.D. Tex. Apr. 21, 2011) (plaintiff asserted claims for sex discrimination, intentional infliction of emotional distress,

assault and battery, and negligent retention).

In contrast, in disability discrimination cases where plaintiffs sought similar categories of damages as does Adkins, courts have found that the amount in controversy requirement was not met. *See, e.g.*, *McPhail*, 2010 WL 3239155, at *2 (granting a motion to remand where plaintiff asserted a claim for disability discrimination and sought damages for back pay, past and future mental anguish, compensatory and punitive damages, attorneys' fees and costs, although plaintiff had sent a pre-suit demand letter seeking $120,000); *Rodriguez v. Conagra Foods, Inc.*, No. 4:02-CV-752-A, 2002 WL 31548746, at *2 (N.D. Tex. Nov. 12, 2002) (McBryde, J.) ("The court is not inclined to speculate or assume the amount in controversy so as to improvidently confer diversity jurisdiction."). Accordingly, given the small amount of back pay at issue and the absence of evidence from Defendant as to the potential for a significant recovery by Plaintiff of other categories of damages, the Court cannot conclude that the amount in controversy in this case will exceed $75,000. Plaintiff's Motion is therefore **GRANTED**.

B.  **Plaintiff's Claim for Attorneys' Fees**

Attorneys' fees and costs are generally awarded upon remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Although the Court has rejected Defendant's argument, the Court concludes Defendant's position on removal was not unreasonable. Plaintiff's request for attorneys' fees is therefore **DENIED**.

**SO ORDERED**.

February 28, 2014.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS